**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ALLIED ERECTING & ) | CASE NO. 4:06cv114 |
| DISMANTLING CO., INC., et al, ) | |
| ) | |
| Plaintiffs, ) | JUDGE PETER C. ECONOMUS |
| ) | |
| vs. ) | |
| ) | Magistrate Judge George. J. Limbert |
| GENESIS EQUIPMENT & ) | |
| MANUFACTURING, INC., et al, ) | |
| ) | **Interim Report & Recommendation** |
| Defendants. ) | **of Magistrate Judge** |

This matter has been referred to the undersigned to issue a Report and Recommendation on Defendants' Motions for Partial Summary Judgment. ECF Dkt. #52, 53, 69. The undersigned recommends that the Court DENY Defendants' Motions for Partial Summary Judgment for the following reasons:

## I.    PROCEDURAL HISTORY

On January 17, 2006, Plaintiffs Allied Erecting and Dismantling Co., Inc. ("Allied") and Allied-Gator, Inc. ("Allied-Gator") (collectively "Plaintiffs") filed a complaint ("Complaint") against Mark D. Ramun ("Ramun"), Genesis Equipment & Manufacturing, Inc. ("Genesis"), and Paladin Brands, LLC ("Paladin") (collectively "Defendants"). ECF Dkt. #1. Plaintiffs allege: (Count I) a breach of employment contract by Ramun; (Count II) tortious interference with contract by Genesis and Paladin; (Count III) a breach of fiduciary obligation by Ramun; (Count IV) conspiracy to breach a fiduciary obligation by Genesis and Paladin; (Count V) a violation of the Lanham Act by Genesis and Paladin; (Count VI) a violation of the Ohio Deceptive Trade Practices Act by Genesis and Paladin; (Count VII) a violation of the Uniform Trade Secrets Act by Ramun; (Count VIII) a violation of the Uniform Trade Secrets Act by Genesis and Paladin; (Count IX) commercial disparagement by Genesis and Paladin; and (Count X) a violation of the

Patent Mismarking Act by Genesis and Paladin. *Id.*

On September 24, 2007, Defendants filed motions for partial summary judgment alleging that the Court should dismiss Counts II, IV, VII, and VIII of the Complaint because Plaintiffs have failed to identify the trade secrets at issue in this case with sufficient particularity. ECF Dkt. #52, 53.

On October 9, 2007, Defendants filed a letter pursuant to Local Rule 37.1 notifying the Court of a discovery dispute ("Defendants' Letter"). Defendants' Letter outlined five discovery-related issues they wished the Court to address:

> (I) [Plaintiffs] should be compelled to specifically identify the trade secrets at issue (Interrogatory Nos. 8 and 9, First Set);
>
> (II) [Plaintiffs] should be compelled to specifically identify the documents which contain the trade secrets at issue (Interrogatory No. 1, Second Set);
>
> (III) [Plaintiffs] should be compelled to produce design documents (Request Nos. 7, 12, 17 and 18, and Request No. 7 (Second Set));
>
> (IV) [Plaintiffs] should be compelled to produce financial information relating to its claim for damages; and
>
> (V) [Plaintiffs'] interrogatory answers should be stripped of their confidential and attorneys' eyes only designations.

On October 19, 2007, Plaintiffs submitted a letter to the Court setting forth their position regarding the issues in Defendants' Letter ("Plaintiffs' Letter").

On November 6, 2007, the Court held a discovery hearing where the Parties agreed to attempt to resolve the discovery disputes without the Court's intervention. On November 13, 2007, the undersigned held a telephonic conference on the matter. Each Party was represented by counsel. The Parties informed the Court that they were unable to resolve Items I and II. The Parties asked the Court to hold Items III and IV in abeyance.

On November 14, 2007, the Court resolved Item II by ordering Plaintiffs to identify with specificity: (1) which documents contain trade secrets that Plaintiffs allege Defendants to have used; and (2) which documents constitute disclosures of those trade secrets. ECF Dkt. #63 at 5.

The Court held Item I in abeyance pending resolution of Defendants' Motions for Partial Summary Judgment. *Id*. Plaintiffs filed an objection to the Court's order with the Honorable Peter C. Economus. ECF Dkt. #66. Judge Economus overruled the objection and ordered Plaintiffs to comply with the November 14, 2007 order by January 14, 2008. ECF Dkt. #71.

On December 11, 2007, Judge Economus referred Defendants' Motions for Partial Summary Judgment to the undersigned for a Report and Recommendation. ECF Dkt. #69.

The undersigned is filing an order under seal contemporaneously with this Report and Recommendation. ECF Dkt. #73. The undersigned's order compels Plaintiffs to identify the trade secrets at issue in this case with particularity. *Id*.

## II. STANDARD OF REVIEW

The function of summary judgment is to dispose of claims without trial when one party is unable to demonstrate the existence of a factual dispute which, if present, would require resolution by a jury or other trier of fact. *Schultz v. Newsweek, Inc.*, 668 F.2d 911, 918 (6th Cir. 1982). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(C).

The party moving for summary judgment has the burden of showing there exists no genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). This burden can be discharged by showing that the nonmoving party has failed to establish an essential element of his case, for which he bears the ultimate burden of proof at trial. *See e.g., Catrett v. Celotex Corp.*, 477 U.S. 317, 323 (1986); *Morales v. Am. Honda Motor Co., Inc.,* 71 F.3d 531, 535 (6th Cir. 1995). The evidence and all the inferences that can reasonably be drawn therefrom must be read in the light most favorable to the nonmoving party. *Id.*

If the moving party meets his burden, the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. *See* Fed. R. Civ. P. 56(e). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986).

In ruling on a motion for summary judgment, the court is not obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. *Interroyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). Therefore, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the record specifically called to its attention by the parties. *Staats v. United States*, No. C-3-99-174, 2001 WL 1135056, *3 (S.D. Ohio Mar. 12, 2001), unreported; *Interroyal Corp. v. Sponseller*, 889 F .2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990).

### III. LAW AND ANALYSIS

The issue before the Court is whether Allied has identified its allegedly misappropriated trade secret information with sufficient specificity. *See* ECF Dkt. #53 at 2. The Court has considered this issue in the context of a discovery dispute and in the context of a motion for summary judgment. The Court finds that the issue is premature for summary judgment and has been appropriately addressed as a discovery dispute. *See Charles Schwab & Co., Inc. v. Carter*, 2005 WL 2369815, *8-12 (N.D. Ill. Sept. 27, 2005) unreported.

In *Charles Schwab*, the defendants moved the court for summary judgment alleging that the plaintiff failed to identify trade secrets at issue in the case with particularity. *Id*. The District Court for the Northern District of Illinois denied the defendant's motion for summary judgment because the defendant had an available discovery remedy in a motion to compel and discovery remained open. *Id*. Consequently, rendering summary judgment for a plaintiff's failure to specifically identify trade secrets would be premature. *Id*.

In *IDX Sys. Corp. v. Epic Sys. Corp*, 285 F.3d 581, 583-84 (7th Cir. 2002), the court granted a motion for summary judgment only after the plaintiff failed to comply with the court's discovery order compelling the plaintiff to specifically identify the trade secrets at issue in the case.

In light of the undersigned's contemporaneously filed order compelling Plaintiffs to identify the trade secrets at issue in this case with particularity, the undersigned finds that Defendants' Motions for Partial Summary Judgment are premature.

## IV. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court DENY Defendants Motions for Partial Summary Judgment. ECF Dkt. #52, 53.

DATE: January 7, 2008            */s/George J. Limbert*
                                               GEORGE J. LIMBERT
                                               United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).