UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ALLIED ERECTING AND** ) | **CASE NO. 4:06CV114** |
| **DISMANTLING CO., INC. And** ) | |
| **ALLIED-GATOR, INC.,** ) | |
| Plaintiffs, ) | **JUDGE ECONOMUS** |
| ) | |
| v. ) | |
| ) | |
| **GENESIS EQUIPMENT &** ) | |
| **MANUFACTURING, INC.,** ) | **MEMDORANDUM OPINION** |
| **PALADIN BRANDS, LLC,** ) | **AND ORDER** |
| **MARK D. RAMUN, and** ) | |
| **GENESIS ATTACHMENTS, LLC,** ) | |
| Defendants. ) | |

This matter came before the Court on August 24, 2010 for a permanent injunction hearing. Following a trial on the merits, which resulted in a verdict for Plaintiff Allied Erecting and Dismantling Co., Inc. ("Allied"), Allied requested that this Court issue a permanent production injunction. (Dkt. # 253). On August 17, 2010, Defendant Genesis Equipment and Manufacturing, Inc., ("Genesis") filed a response. (Dkt. # 271). For the following reasons, Allied's permanent injunction motion is **DENIED**.

The Ohio Uniform Trade Secrets Act, ORC § 1333.62, provides that actual or threatened misappropriation may be enjoined for a time reasonably necessary to "eliminate commercial advantage." As § 1333.62 does not contain statutory guidelines for when to issue an injunction, the normal equity rules apply. Proctor & Gamble v. Stoneham, 747 N.E.2d 268, 274 (Ohio Ct. App. 2000). Therefore, there are four non-exclusive factors the court must balance: (1) whether the plaintiff has a strong likelihood

1

of succeeding on the merits, (2) whether the plaintiff will suffer irreparable injury absent the injunction, (3) whether issuing the injunction will cause substantial harm to others, and (4) whether the public interest would be furthered by the issuance of an injunction. Allied must establish each element by clear and convincing evidence. Prosonic Corp. v. Stafford, 539 F. Supp. 2d 999, 1005 (S.D. Ohio 2008); Dexxon Digital Storage v. Haenszel, 832 N.E.2d 62, 67 (Ohio 2005); Stoneham, 747 N.E.2d at 274.

The first factor, whether the plaintiff has a strong likelihood of success on the merits, is uncontested, as Allied has prevailed at trial on the merits. The finding by the jury that misappropriation occurred is binding on this Court. Thompson v. Parkes, 963 F.2d 885, 888 (6th Cir. 1992). However, the jury did not specify which trade secrets it relied on in making its findings, and, therefore, Allied has not proven by clear and convincing evidence that any specific trade secret was misappropriated. See Avery Dennison Corp. v. Four Pillars Enter. Co., 45 F. App'x 479, 487 n.2 (6th Cir. 2002). Therefore, the jury's finding of misappropriation is not conclusive of whether an injunction should issue, as Allied must prove each element by clear and convincing evidence.

The second factor Allied must prove by clear and convincing evidence is that it has suffered irreparable harm. Irreparable harm is harm which is not compensable by money damages. The Supreme Court of the United States in Sampson v. Murray, 415 U.S. 61, 90 (1974), held that mere injuries in terms of money, time and energy are not sufficient, and that the possibility of adequate compensation weighs heavily against a claim of irreparable harm. While no single factor is determinative of whether an

injunction should issue, a failure to demonstrate the existence of irreparable injury can be fatal to a motion for an injunction.  Cincinnati Indus. Mach. v. VMI Holland BV, No. 1:09-CV-604, 2010 U.S. Dist. LEXIS 21683, at *35 (S.D. Ohio Feb. 17, 2010).

Allied did not request a preliminary injunction in their complaint, nor during the four-year pendency of the instant case.  An injunction does not need to be requested in the initial complaint.  See Morrow v. South, 540 F. Supp. 1104 (S.D. Ohio 1982).  However, a delay in the request for an injunction weighs against a finding of irreparable harm.  Kendall Holdings, Ltd.  v. Eden Cryogenics LLC, 630 F. Supp. 2d 853, 867 (S.D. Ohio 2008); Aero Fulfillment Servs., Inc. v. Tartar, 2007 Ohio 174, P33 (Ohio Ct. App. 2007).

Allied argues that "it is settled law that the misappropriation of a trade secret constitutes irreparable harm."  (Dkt. # 253 at 7).  Courts in the Sixth Circuit have stated only that harm caused by the misappropriation of trade secrets is *generally* irreparable and may be presumed in some cases.  See Kendall Holdings, 630 F. Supp. 2d at 867; Xerox Corp. v. O'Dowd, No 3:06-0434, 2006 U.S. Dist. LEXIS 78339, at *29-*30 (M.D. Tenn. Oct. 26, 2006).  However, unsubstantiated allegations that Allied will suffer irreparable harm is not sufficient, Allied must make some showing as to why its harm was not remedied through the compensatory damages it was awarded.  Tartar, 2007 Ohio at P25, P27.  Additionally, "actual irreparable injury is usually not presumed, but instead must be proved."  Hoover Transp. Servs. v. Frye, No. C2-02-25, 2002 U.S. Dist. LEXIS 22609, at *27 (S.D. Ohio July 16, 2002).

3

The purpose of an injunction is to prevent future violations, not remedy past violations. Extracorporeal Alliance, LLC v. Rosteck, 285 F. Supp. 2d 1028, 1045 (N.D. Ohio 2003). The jury found in favor of Allied and awarded over 3 million dollars in unjust enrichment. However, the jury also found that Allied had not proven by a preponderance of the evidence that it suffered lost profits as a result of the misappropriation of trade secrets. Harm is not irreparable if money damages can serve as an adequate remedy. Jacono, 2006 Ohio at P38. Allied has not shown by clear and convincing evidence that their harm has not been adequately compensated by the jury's unjust enrichment award.

Although the permanent injunction factors are non-exclusive, with respect to the third factor, whether the injunction will cause substantial harm to others, Allied has not argued that not issuing an injunction in the instant matter will cause substantial harm to others. Therefore, it has not proven this element by clear and convincing evidence. Allied also argues that issuing a permanent injunction will further the public interest because it fulfills the purpose of the Ohio Uniform Trade Secret Act by promoting commercial ethics and notions of fair dealing. However, this Court finds that, given the lack of irreparable harm that Allied has suffered, the public interest would not be sufficiently furthered to justify issuing a permanent injunction.

Additionally, injunctions, if issued, should be terminated when "a former trade secret becomes either known to good faith competitors, or is obtained by them because of the lawful availability of products that can be reverse engineered to reveal such trade secrets." Valco Cincinnati Inc. v. N&D Mach. Serv., 492 N.E.2d 814, 820 (Ohio 1986).

Milgram on Trade Secrets states that in the case of trade secrets, "if the trade secret becomes publicly disclosed, say by a post-injunction patent issuance attributable to the plaintiff," the injunction could be modified or terminated.  4-15 Milgrim on Trade Secrets § 15.02.  Furthermore, if the information becomes public, outdate, or obsolete, such as when a product is available in the market, and, thus, subject to reverse engineering, an injunction is not proper.  Jacono, 2006 Ohio at P21.  Similarly, the Ninth Circuit found an injunction to be properly limited where the trade secrets would be disclosed as a result of public announcements, demonstrations, and sales and deliveries of the product.  Winston Research Corp. v. Minnesota Mining and Mfg. Co., 350 F.2d 134, 141 (9th Cir. 1965).

Allied argues that a permanent production injunction prohibiting Genesis from ever manufacturing the LXP is necessary because "Allied's trade secrets are now inextricably interwoven with Genesis' production of the LXP" and "Genesis had no alternative to the LaBounty UP . . . until Mark's arrival at Genesis. (Dkt. # 253 at 8-11).  However, Genesis has argued that an injunction is improper for several reasons.  First, the Allied MT has been on the market for nine years and is available for reverse engineering; second, the MT has been promoted at trade shows; third, portions of the MT were disclosed in the public filings of this case; and, fourth, John Ramun filed a declaration on August 4, 2010, with the U.S. Patent and Trademark Office clarifying his patent application and disclosing the elements of the Allied MT in the patent application.  (Dkt. # 271 at 10-13).  Genesis argues, and this Court agrees, that even assuming an injunction could have been supported at some earlier stage in the litigation, the jury verdict shows that a permanent injunction is improper at the present time.  While the jury

5

found that Genesis misappropriated Allied's trade secrets, it did not specify, and this Court cannot determine, what trade secrets were misappropriated. Consequently, Allied has not proven by clear and convincing evidence that it is entitled to a permanent production injunction.

Finally, Allied claims an entitlement to a reasonable royalty in the event this Court finds a permanent injunction to be inequitable. However, ORC § 1333.62(B) provides that "in exceptional circumstances, an injunction may condition future use upon payment of a reasonably royalty for no longer than the time for which use could have been prohibited." As this Court find that it would be inequitable for the use/production of the Genesis LXP to be prohibited, a reasonable royalty is equally inequitable.

Therefore, even though Allied has won on the merits at trial, it has not shown by clear and convincing evidence that it has not been adequately compensated by the jury's award, and therefore has not proven that it has suffered irreparable harm. Accordingly, this Court believes a permanent injunction to be inequitable, and Allied's Motion for a Permanent Injunction is hereby **DENIED**.

IT IS SO ORDERED.

**/s/ Peter C. Economus – August 26, 2010**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**